IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Cr. No. 23-20123-TLP |
| EFE EGBOWAWA,<br>Defendant. | )<br>)<br>) | |

PLEA AGREEMENT

FILED IN OPEN COURT
DATE: 1/10/24
TIME: 10:25 AM
INITIALS: SN

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the following constitutes the plea agreement reached between the United States, represented by KEVIN RITZ, United States Attorney for the Western District of Tennessee, and SCOTT SMITH, Assistant United States Attorney, and the defendant, EFE EGBOWAWA, represented by PATRICK STEGALL, defense counsel.

1. EFE EGBOWAWA agrees:

    a. to enter a voluntary plea of guilty to Count 6 of the Indictment, which charges him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h);

    b. to provide complete and truthful information to law enforcement officers, and if called upon to testify in any future proceedings, to testify completely and truthfully;

    c. to knowingly and voluntarily waive his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence of imprisonment is equal to or less than the sentence agreed to by the parties; the waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and

ineffective assistance of counsel and is made in exchange for the concessions by the UNITED STATES as set forth in this plea agreement;

d. to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

e. to pay restitution in an amount to be determined by the Court to all identifiable victims who suffered losses as a result of the criminal conduct that is the subject of this plea agreement, including uncharged conduct and conduct that is the subject of dismissed counts with the understanding that any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

f. to pay the Special Assessment of $100 to be imposed pursuant to 18 U.S.C. § 3013 by submitting a satisfactory form of payment to the Clerk of the Court following entry of this plea and to provide counsel for the United States with evidence of payment prior to sentencing;

g. to promptly execute and return, within twenty-one (21) days of the entry of the plea, a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain credit reports;

h. that he is satisfied with his attorney's representation; and

i. that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. **EFE EGBOWAWA and the UNITED STATES jointly agree** that the applicable United States Sentencing Guideline enhancement under § 2B1.1 shall be no more than that at § 2B1.1(b)(I) (more than $1,500,000) and that the Court impose a total sentence of no more than 60 months of imprisonment pursuant to Rule 11(c)(1)(C). It is the intention of the parties that the Court may accept or reject this agreement immediately or after having had an opportunity to review the pre-sentence report but may not modify this agreement. Both parties understand and agree that, should the Court not accept this aspect of the plea agreement, either party may withdraw from the plea agreement.

3. EFE EGBOWAWA further understands and acknowledges that:

   a. The statutory penalties for the offense alleged in Count 6 are a term of imprisonment of not more than twenty (20) years, a fine of not more than $500,000, a period of supervised release of not more than three (3) years, and a special assessment of $100; and

   b. If his plea of guilty is accepted and he later attempts to withdraw his plea, such attempt will be in breach of this plea agreement. Regardless of whether any such attempt is successful, the UNITED STATES will be relieved of all obligations and restrictions imposed by the terms of this agreement.

4. This plea agreement constitutes the entire agreement between the parties.

FOR THE UNITED STATES:
KEVIN RITZ
UNITED STATES ATTORNEY

_____          1/10/24
SCOTT SMITH                              Date
Assistant United States Attorney

3

_____  Date 1/10/24
PATRICK STEGALL
Attorney for Defendant

_____  1/10/24
EFE EGBOWAWA                     Date
Defendant